IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NUMBER QUEEN, LTD., et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 14-0064-CV-W-HFS |
| v. ) | |
| ) | |
| REDGEAR TECHNOLOGIES, INC., et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PRELIMINARY APPROVAL ORDER

Plaintiffs JLD & Associates, Inc. ("JLD"), Number Queen, Ltd. ("Number Queen") and By the Numbers ("By the Numbers") (collectively "Plaintiffs") and Defendants RedGear Technologies, Inc. ("RedGear") and TaxWorks, Inc. ("TaxWorks") (collectively "Defendants") are parties to two putative class actions that have been consolidated in this Court. Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (doc. 67). Having reviewed the motion, Plaintiffs' Suggestions in support, and the record in this matter, and deeming it just and proper so to do, the Motion (doc. 67) will be GRANTED, and it is ORDERED:

    1.    The Court finds that Plaintiffs and Defendants and/or their counsel have entered into a settlement agreement (the "Settlement Agreement") in order to settle and fully resolve the claims in these cases and that the settlement embodied in the Settlement Agreement is within the range of fairness, adequacy, and reasonableness that is properly approved by the Court. The Court therefore grants preliminary approval to the settlement, including the attorneys' fees and

class representative incentive awards provided for in the Settlement Agreement, subject to further consideration at the Fairness Hearing described in Paragraph 16 of this Order.

2. For the purposes of settlement only, and in accordance with the Settlement Agreement, the Court preliminarily certifies the following class of persons as a settlement class (the "Settlement Class"):

> All persons or entities who or which paid a license fee for or otherwise licensed the 2012 TaxWorks Software, including, without limitation, all persons and entities who or which received a full or partial refund of his, her, or its license fee.

3. For the purposes of settlement only, the Court preliminarily finds that:

> a. The Settlement Class is composed of more than 5,000 members and is therefore so numerous that joinder of all members is impracticable;
>
> b. There are questions of law or fact common to the Settlement Class that predominate over questions affecting only individual members of the Settlement Class;
>
> c. The claims of Plaintiffs are typical of those of the members of the Settlement Class;
>
> d. Plaintiffs and Settlement Class Counsel (as defined in Paragraph 4 below) will fairly and adequately represent and protect the interests of the absent members of the Settlement Class; and
>
> e. Certification of the Settlement Class is an appropriate method for the fair and efficient adjudication of the claims pending before this Court in these consolidated actions (collectively, the "Litigation").

4. For the purpose of this preliminary approval, and for all matters relating to the settlement and the Litigation, until further order of the Court, the Court appoints the following as counsel for the Settlement Class: Kershaw Cutter & Ratinoff LLP, Law Offices of John E. Toma, LLC, and Holman Schiavone, LLC (collectively "Settlement Class Counsel").

5. For the purposes of settlement only, and until further order of the Court, the Court appoints Plaintiffs as representatives of the Settlement Class.

6. The Court finds that it has subject matter and personal jurisdiction over Plaintiffs, Defendants, and the Settlement Class for purposes of considering the final certification of the Settlement Class and the fairness, adequacy, and reasonableness of the settlement.

7. If they have not already done so, counsel for Defendants are directed to issue notice of the proposed settlement to the Office of the Comptroller of the Currency, as required by the Class Action Fairness Act, 28 U.S.C. § 1715(b) and (c).

8. The Court appoints Analytics, Inc. as the claims administrator (the "Claims Administrator") to fulfill the duties of the Claims Administrator set out in the Settlement Agreement.

9. The form of Notice of Proposed Class Action Settlement attached to Plaintiffs' Suggestions in support of their Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Settlement Class Notice") is approved with dates as inserted.

10. The Claims Administrator is directed to email and/or mail the Settlement Class Notice to all members of the Settlement Class within 40 days of the entry of this Preliminary Approval Order.

11. The Court finds that the Settlement Agreement contemplates a method of notice that (a) protects the interests of Plaintiffs, the Settlement Class, and Defendants, (b) is the best notice practicable under the circumstances, and (c) is reasonably calculated to apprise the members of the Settlement Class of the pendency of the Litigation, the proposed settlement, and their right to opt out of and exclude themselves from or object to the proposed settlement. In addition, the Court finds that the proposed method of notice is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice of the proposed settlement and meets all applicable requirements of law, including, but not limited to, Federal Rule of Civil

Procedure 23(e) and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

12. At least ten (10) days prior to the Fairness Hearing scheduled in Paragraph 16 of this Order, the Claims Administrator shall file with the Court a sworn affidavit of a person with knowledge, evidencing compliance with the provisions of this Order concerning notice to the Settlement Class.

13. Members of the Settlement Class who wish to claim any of the settlement proceeds must complete and return to the Claims Administrator the claim form that will be made available with the Settlement Class Notice. The claim form must be postmarked by February 15, 2016.

14. Any member of the Settlement Class desiring exclusion from the Settlement Class shall mail a request for exclusion (a "Request for Exclusion") to the Claims Administrator. To be valid, a Request for Exclusion must be received by the Claims Administrator no later than 30 days prior to the date of the Fairness Hearing scheduled in Paragraph 16 of this Order. A Request for Exclusion must be in writing and must include: (a) the name, address, telephone number and the last four digits of the social security number or employer identification number of the Settlement Class member seeking to opt out; (b) a statement that the Settlement Class member is seeking exclusion; (c) and the signature of the Settlement Class member. Any member of the Settlement Class who does not request to be excluded from the Settlement Class in full compliance with these requirements shall be included in the Settlement Class and shall be bound by any judgment entered in this action with respect to the Settlement Class. The Claims Administrator shall promptly furnish to counsel for the parties copies of any and all Requests for Exclusion that come into the Claims Administrator's possession.

15. At least 10 days before the Fairness Hearing, the Claims Administrator shall file with the Court a sworn statement identifying those persons who have submitted valid Requests for Exclusion. The originals of all Requests for Exclusion shall be retained by the Claims Administrator.

16. A hearing (the "Fairness Hearing") shall be held before the undersigned at 10:00 a..m. on April 21, 2016, in Courtroom 6B at the Charles Evans Whittaker Courthouse, 400 East 9th Street, Kansas City, Missouri 64106. At the Fairness Hearing, the Court will consider: (a) the fairness, adequacy, and reasonableness of the settlement; (b) the entry of a final order or judgment in the Litigation; (c) the application for incentive awards for the services rendered by Plaintiffs; (d) the application for attorneys' fees and costs by Settlement Class Counsel; and (e) other related matters. The Fairness Hearing may be postponed, adjourned or continued by Order of the Court without further notice to the Settlement Class.

17. To be considered at the Fairness Hearing, any objection or other comment by a member of the Settlement Class must be filed with the Court, along with all supporting documents, no later than 10 days prior to the Fairness Hearing with service as provided in the Federal Rules of Civil Procedure upon Settlement Class Counsel and Counsel for Defendants identified in the Settlement Class Notice. In his/her/its objection, a member of the Settlement Class must include: (i) his/her/its full name, current address, and telephone number; (ii) a statement of each objection asserted; and (iii) the specific reason(s), if any, for each objection, including any legal support and any evidence that the Settlement Class member wishes to bring to the Court's attention. Settlement Class members may so object either directly or through an attorney hired at their own expense who files an appearance on their behalf. No objection to or other comment concerning the settlement shall be heard unless timely filed and served in

accordance with the guidelines stated herein and in the Settlement Class Notice. Settlement Class Counsel and Counsel for Defendants shall promptly furnish each other and the court with copies of any and all written objections to the settlement that come into their possession.

18. Any Settlement Class member who does not make his or her objection in the manner provided in this Order shall be deemed to have waived any such objection and shall be forever barred from making any objection to the settlement, including, but not limited to, the propriety of class certification, the adequacy of any notice, or the fairness, adequacy, or reasonableness of the settlement.

19. Any Settlement Class member who has filed an objection or other comment in accordance with this Order may appear at the Fairness Hearing in person, or by counsel if an appearance by counsel is filed and served as provided in the Settlement Class Notice, and such person will be heard to the extent allowed by the Court. No person shall be permitted to be heard unless, at least ten (10) days prior to the Fairness Hearing, the person has (a) filed with the Clerk of the Court a notice of intention to appear; and (b) served copies of such notice upon Settlement Class Counsel and Counsel for Defendants in accordance with the Federal Rules of Civil Procedure.

20. Submissions of the parties relating to the settlement, including memoranda in support of the settlement, applications for attorneys' fees and reimbursement of expenses by Settlement Class Counsel, and applications for payment for services rendered by Plaintiffs shall be filed with the Clerk of the Court and served on opposing counsel no later than 10 days before the Fairness Hearing.

21. To the extent not inconsistent with this Order, all other events contemplated by the Settlement Agreement to occur after entry of this Order and before the Fairness Hearing shall

be governed by the Settlement Agreement and the Settlement Class Notice. Settlement Class Counsel and Counsel for Defendants shall take such further actions in that regard as are required by the Settlement Agreement.

22. Plaintiffs and Defendants are authorized to make non-material changes to the Settlement Class Notice, without notice to the Court, provided Settlement Class Counsel and Counsel for Defendants agree.

23. Other than as may be necessary to effectuate the settlement and this Order, the Litigation is hereby stayed until further order of the Court.

24. If final approval of the settlement does not occur, or if the settlement does not become effective on or before the effective date stated in the Settlement Agreement, or if the Settlement Agreement is rescinded or terminated for any reason, the Settlement Agreement and all proceedings had in connection therewith shall be deemed null and void and without prejudice to the rights of the Plaintiffs and Defendants before the Settlement Agreement was executed, and this Order and all other orders issued in connection with the settlement shall be vacated, rescinded, canceled, annulled and deemed "void" and/or "no longer equitable" or set aside for a reason that otherwise "justifies relief" for purposes of Federal Rule of Civil Procedure 60(b).

25. Neither this Order, the Settlement Agreement, nor any of their terms or provisions, nor any of the negotiations between the parties or their counsel (nor any action taken to carry out this Order) is, may be construed as, or may be used as an admission or concession by or against any of the parties of: (a) the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention, or assertion; (b) the truth or relevance of any fact alleged by Plaintiffs; (c) the existence of any class alleged by Plaintiffs; (d) the propriety of class certification if this action

7

KC01DOCS\1170583.1
Case 4:14-cv-00064-HFS   Document 71   Filed 10/30/15   Page 7 of 8

were to be litigated rather than settled; (e) the validity of any claim or any defense that has been or could have been asserted in this action or any other litigation; (f) that the consideration to be paid to Settlement Class members pursuant to the Settlement Agreement represents the amount which could be or would have been recovered by any such persons after trial; or (g) the propriety of class certification in this action or any other lawsuit or proceeding.

26. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to them, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendants' denials, defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary in a proceeding to enforce the terms of this Order and the Settlement Agreement; provided, however, that this Order and the Settlement Agreement may be filed by Defendants in any action against or by Defendants to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim. Defendants expressly reserve all procedural and substantive rights and defenses to all claims and causes of action and do not waive any such rights or defenses in the event that the Settlement Agreement is not approved for any reason.

IT IS SO ORDERED.

DATE: October 30, 2015          /s/ Howard F. Sachs
                                                 HOWARD F. SACHS
Kansas City, Missouri            UNITED STATES DISTRICT JUDGE
                                                 WESTERN DISTRICT OF MISSOURI